UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| GREAT AMERICAN INSURANCE CO. | CIVIL ACTION |
| VERSUS | NO: 17-12090 |
| TOM'S MARINE & SALVAGE, LLC, ET AL. | SECTION: "A" (4) |

**ORDER AND REASONS**

The following motion is before the Court: **Motion for Summary Judgment (Rec. Doc. 13)** filed by Plaintiff, Great American Insurance Co. Defendant Tom's Marine & Salvage, LLC opposes the motion. The motion, submitted on May 30, 2018, is before the Court on the briefs without oral argument.

Great American Insurance filed this declaratory judgment action seeking a judgment declaring that it has no duty under its policy to defendant Tom's Marine in connection with a lawsuit styled Bismark Mairena-Rivera v. Tom's Marine & Salvage, LLC, Civil Action 17-5823, formerly pending before Judge Engelhardt and now pending before Judge Vance (hereinafter "the Underlying Lawsuit"). The Underlying Lawsuit involves a Fair Labor Standards Act ("FLSA") collective action for unpaid overtime wages.

Great American issued a commercial liability policy (hereinafter "the Policy") to Tom's Marine. The policy includes Coverage A – Bodily Injury and Property Damage Liability; Coverage B – Personal and Advertising Injury Liability; Coverage C – Medical Payments. (Rec. Doc. 13-3 Exh. B-1 at 20). The issue before the Court is whether the

Coverage A for property damage liability applies such that Great American would have a duty to defend and cover the FLSA claims asserted in the Underlying Lawsuit. Great American argues that the claims in the Underlying Lawsuit are for economic loss only, do not pertain to tangible property, and are not covered by the Policy.

Under Louisiana law, a liability insurer's duty to defend and the scope of its coverage are separate and distinct issues. *Mossy Motors, Inc. v. Cameras Am.*, 898 So. 2d 602, 606 (La. App. 4th Cir. 2005) (citing *Dennis v. Finish Line, Inc.*, 636 So. 2d 944, 946 (La. App. 1st Cir. 1994)). The obligation of a liability insurer to defend suits against its insured is generally broader than its obligation to provide coverage for damages claims. *Id.* (citing *Steptore v. Masco Constr. Co.,* 643 So. 2d 1213, 1218 (La. 1994)). The issue of whether a liability insurer has the duty to defend a civil action against its insured is determined by application of the "eight-corners rule," under which an insurer must look to the "four corners" of the plaintiff's petition and the "four corners" of its policy to determine whether it owes that duty. *Id.* (citing *Vaughn v. Franklin,* 785 So. 2d 79, 84 (La. App. 1st Cir. 2001)). Under this analysis, the factual allegations of the plaintiff's petition must be liberally interpreted to determine whether they set forth grounds which raise even the possibility of liability under the policy. *Id.* In other words, the test is not whether the allegations unambiguously assert coverage, but rather whether they do not unambiguously exclude coverage. *Id.* Similarly, even though a plaintiff's petition may allege numerous claims for which coverage is excluded under an insurer's policy, a duty to defend may nonetheless exist if there is at least a single allegation in the petition under which coverage is not unambiguously excluded. *Id.* (citing *Emp. Ins. Rep., Inc. v. Emp. Reinsur. Corp.,* 653 So. 2d 27, 29 (La. App. 1st Cir.

1995)).

Thus, assuming all the allegations of the petition to be true, if there would be both coverage under the policy and liability to the plaintiff, the insurer must defend the lawsuit regardless of its outcome. *Mossy Motors*, 898 So. 2d at 607 (citing *Yount v. Maisano*, 627 So. 2d 148 (La. 1993); *Matheny v. Ludwig*, 742 So. 2d 1029 (La. App. 2nd Cir. 1999)). The duty to defend arises whenever the pleadings against the insured disclose even a possibility of liability under the policy. *Id.*

The crux of the Underlying Lawsuit is that Tom's Marine required Bismark Mairena-Rivera, and others similarly situated, to work more than forty hours a week without receiving overtime pay, all in violation of federal law. (Rec. Doc. 13-2 Exh. A).

The Policy defines property damage as:

A. Physical injury to tangible property, including all resulting loss of use of that property. All such loss of use shall be deemed to occur at the time of the physical injury that caused it; or

B. Loss of use of tangible property that is not physically injured. All such loss of use shall be deemed to occur at the time of the "occurrence" that caused it.

(Rec. Doc. 13-3 Exh. B-1 at 51).

"Occurrence" means "an accident, including continuous or repeated exposure to substantially the same general harmful conditions." *Id.* at 50.

Tom's Marine does not indicate which aspect of the property damage portion of the policy, Paragraphs A or B, might apply. Assuming for the sake of argument that Mairena-Rivera's unpaid wages constitute "tangible" property, Paragraph A requires physical injury, and Paragraph B requires an "occurrence," which is an accident or harmful exposure. This case involves neither physical injury nor an accident of any kind.

The legal argument devolves on decisions issued by certain Louisiana appellate courts that have held that lost money is tangible property and therefore can be property damage under Louisiana law. Tom's Marine argues that this Court is bound by *Erie Railroad Co. v. Tompkins, 304 U.S. 64 (1938),* to apply the substantive law of Louisiana in this diversity case.[1] On the other hand, Great American argues that certain decisions issued by the federal Fifth Circuit are in conflict with those Louisiana appellate court decisions, and that this Court is bound by Fifth Circuit precedent.[2] Tom's Marine's asserts that it would be unfair to have the coverage question decided one way in state court and another way in federal court.

Under any plausible reading of the property damage section of the Policy, coverage is unambiguously excluded given the allegations in the Underlying Lawsuit. The Court acknowledges the state appellate court decisions that support Tom's Marine's position. But *Erie* requires a federal court to look to the decisions of the state's highest court, in this case the Louisiana Supreme Court. *Howe v. Scottsdale Ins. Co.*, 204 F.3d 624, 627 (5th Cir. 2000) (citing *Labiche v. Legal Sec. Life Ins.*, 31 F.3d 350, 351 (5th Cir.

---

[1] Tom's Marine does not identify the Louisiana appellate court decisions at issue. Rather, they are cited in footnote 16 of Great American's memorandum in support. Those decisions are: *Dietrich v. Travelers Ins. Co.*, 551 So. 2d 64 (La. App. 1st Cir. 1989), *Williamson v. Historic Hurstville Ass'n*, 556 So. 2d 103 (La. App. 4th Cir. 1990), *Nelson v. Want Ads of Shreveport*, 720 So. 2d 1280 (La. App. 2nd Cir. 1998), and *Innovative Hosp. Sys., LLC v. Abraham*, 61 So. 3d 740 (La. App. 3rd Cir. 2011).
     The only decision that Tom's Marine discusses is a federal district court opinion that does not allude to the potentially contradictory decisions of the federal Fifth Circuit.

[2] The two decisions that Great American identifies are *Selective Insurance v. J.B. Mouton & Sons, Inc.*, 954 F.2d 1075 (5th Cir. 1992), and *Lamar Advertising Co. v. Continental Casualty Co.*, 396 F.3d 654 (5th Cir. 2005). Great American identifies a third decision, *DeLoach v. HGI Catastrophe Services, LLC*, 460 Fed. Appx. 314 (5th Cir. 2012), but that decision is unpublished and therefore does not constitute precedent. Fifth Circuit Rule 47.5.4.

1994)). The decisions of the lower state courts should be given some weight but they are not controlling where the state's highest court has not spoken on the subject. *Labiche*, 31 F.3d at 351 (citing *Comm'r v. Estate of Bosch*, 387 U.S. 456, 465 (1967)).

Every decision supportive of Tom's Marine's position ignores the insurance policy's express requirements for physical injury and/or an occurrence. The Court has no reason to assume that the Louisiana Supreme Court would do the same. And given that this Court is bound by the decisions of the federal Fifth Circuit, which has not been willing to ignore the physical injury/occurrence requirement, *see Selective Insurance*, 954 F.3d at 1079, this Court is persuaded that Great American is entitled to judgment as a matter of law. Great American owes no duty to defend or to indemnify Tom's Marine in connection with the Underlying Lawsuit.

Accordingly, and for the foregoing reasons;

**IT IS ORDERED** that the **Motion for Summary Judgment (Rec. Doc. 13)** filed by Plaintiff, Great American Insurance Co. is **GRANTED** as explained above.

June 13, 2018

_____
JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE